## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEWIS D. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| RMG ACQUISITION CORP., D. JAMES | ) | |
| CARPENTER, ROBERT S. MANCINI, | ) | |
| PHILIP KASSIN, W. GRANT GREGORY, | ) | |
| CRAIG BRODERICK, W. THADDEUS | ) | |
| MILLER, STEPHEN P. BUFFONE, RMG | ) | |
| MERGER SUB, INC., and ROMEO | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      On October 5, 2020, RMG Acquisition Corp.'s ("RMG" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused RMG to enter into an agreement and plan of merger (the "Merger Agreement") with RMG Merger Sub, Inc. ("Merger Sub") and Romeo Systems, Inc. ("Romeo").

2.      Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Romeo, with Romeo surviving as a wholly-owned subsidiary of RMG; and (ii) RMG will issue shares of RMG common stock to stockholders of Romeo (the "Proposed Transaction").

3.      On October 15, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of RMG common stock.

9.      Defendant RMG is a Delaware corporation and maintains its principal executive offices at 50 West Street, Suite 40-C, New York, New York 10006.  RMG's common stock is traded on the New York Stock Exchange under the ticker symbol "RMG."

10.     Defendant D. James Carpenter is Chairman of the Board of the Company.

11.     Defendant Robert C. Mancini is Chief Executive Officer and a director of the Company.

12.     Defendant Phillip Kassin is President, Chief Operating Officer, and a director of the Company.

13.     Defendant W. Grant Gregory is a director of the Company.

14.     Defendant Craig Broderick is a director of the Company.

15.     Defendant W. Thaddeus Miller is a director of the Company.

16.     Defendant Stephen P. Buffone is a director of the Company.

17.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of RMG, and a party to the Merger Agreement.

19.     Defendant Romeo is a Delaware corporation and party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### Background of the Proposed Transaction

20.     On October 5, 2020, RMG's Board caused the Company to enter into the Merger Agreement with Merger Sub and Romeo.

21.     Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Romeo, with Romeo surviving as a wholly-owned subsidiary of RMG; and (ii) RMG will issue shares of RMG common stock to stockholders of Romeo.

22.     According to the press release announcing the Proposed Transaction:

Romeo Systems, Inc. ("Romeo Power"), an energy technology company, and RMG Acquisition Corp. ("RMG") (NYSE: RMG), a special purpose acquisition

company, today announced a definitive agreement for a business combination that would result in Romeo Power becoming a publicly listed company. Upon closing of the transaction, the combined company will be named Romeo Power, Inc. and is expected to remain listed on the NYSE and trade under the new ticker symbol "RMO". . . .

Transaction Overview

The business combination values Romeo Power at an approximately $1.33 billion pro forma equity value. The boards of directors of both RMG and Romeo Power have approved the proposed transaction, which is expected to be completed in the fourth quarter of 2020, subject to, among other things, the approval by Romeo Power's stockholders and satisfaction or waiver of the other conditions stated in the definitive documentation.

The private placement of common stock includes commitments from institutional investors as well as strategic investors The Heritage Group and Republic Services. . . .

Advisors

Goldman Sachs & Co. LLC is serving as exclusive financial advisor, and Paul Hastings LLP is serving as legal advisor to Romeo Power. Morgan Stanley & Co. LLC is serving as lead financial advisor, Nomura Greentech Capital Advisors, LLC is serving as financial advisor, and Latham & Watkins LLP is serving as legal advisor to RMG. Morgan Stanley & Co. LLC is serving as sole placement agent to RMG on the PIPE offering. Davis Polk & Wardwell LLP is serving as legal advisor to Morgan Stanley & Co. LLC.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

23.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

24.     As set forth below, the Registration Statement omits material information.

25.     With respect to Romeo's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate EBITDA; (ii) projected net income; and (iii) projected cash flows.

26.     The Registration Statement fails to disclose the Company's financial projections.

27.    The Registration Statement fails to disclose the number of non-disclosure agreements executed by the Company during the process leading up to the execution of the Merger Agreement.

28.    The Registration Statement fails to disclose the terms of the non-disclosure agreements, including whether they contained standstill and/or "don't ask, don't waive" provisions.

29.    The Registration Statement fails to disclose the financial analyses performed by the Company's financial advisors, Nomura Greentech Capital Advisors ("Nomura Greentech") and Morgan Stanley & Co. LLC ("Morgan Stanley"), and/or Company management in connection with the Proposed Transaction.

30.    The Registration Statement fails to disclose the terms of Nomura Greentech's and Morgan Stanley's engagements, including: (i) the amount of compensation the financial advisors have received or will receive in connection with their engagements; (ii) the amount of the financial advisors' compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether the financial advisors have performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by the financial advisors for providing such services.

31.    The Registration Statement fails to disclose the nature of the discussions between RMG and Romeo regarding "the role that the BorgWarner JV would play in Romeo's future operations," and the reasons the agreement with BorgWarner could not ultimately be reached.

32.    The Registration Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of the Company's officers and directors, including who participated in all such communications.

33.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

34.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated
Thereunder Against the Individual Defendants and RMG**

35.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  RMG is liable as the issuer of these statements.

37.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

38.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

40.    The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

41.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

42.    Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Romeo

43.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.    The Individual Defendants and Romeo acted as controlling persons of RMG within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of RMG and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45.    Each of the Individual Defendants and Romeo was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

47.     Romeo also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

48.     By virtue of the foregoing, the Individual Defendants and Romeo violated Section 20(a) of the 1934 Act.

49.     As set forth above, the Individual Defendants and Romeo had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 25, 2020                          **RIGRODSKY & LONG, P.A.**

                                        By:   */s/ Gina M. Serra*
                                              Seth D. Rigrodsky (#3147)
                                              Brian D. Long (#4347)
                                              Gina M. Serra (#5387)
                                              300 Delaware Avenue, Suite 210
                                              Wilmington, DE 19801
                                              Telephone: (302) 295-5310
                                              Facsimile: (302) 654-7530
                                              Email: sdr@rl-legal.com
                                              Email: bdl@rl-legal.com
                                              Email: gms@rl-legal.com

                                              *Attorneys for Plaintiff*